IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| KATRINA NUSSMAN, | Case No. 6:25-CV-01416-MC |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| JUDGE KARRIE MCINTYRE, in her official capacity, LANE COUNTY CIRCUIT COURT, NEIL NUSSMAN, and DOES 1–10, | |
| Defendants. | |

MCSHANE, Judge:

Plaintiff Katrina Nussman alleges that Defendants violated her right to Due Process by participating in a contempt hearing against Plaintiff that apparently arose out of a custody dispute in Lane County Circuit Court. *See* Compl., ECF No. 1.

Plaintiff brings claims against Judge Karrie McIntyre, Lane County Circuit Court, and Neil Nussman. She alleges that she is the mother of a minor child and party to Case No. 151422869 in Lane County Circuit Court. Plaintiff further alleges that Defendant Nussman initiated a contempt proceeding against Plaintiff, scheduled for August 11, 2025 before Judge McIntyre. She claims that moving forward with that hearing will violate her Due Process rights because she has no notice of the facts giving rise to the alleged contempt. Plaintiff moves "for a temporary restraining order enjoining Defendants from conducting or enforcing any contempt proceedings, issuing bench warrants, or imposing sanctions" in the Lane County case. Pl.'s Mot. TRO 1, ECF No. 2.

Even a liberal reading of Plaintiff's Complaint leads the Court to conclude that it must be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court

1 – ORDER

determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action."); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (court must construe pro se pleadings liberally). The Court lacks jurisdiction over Plaintiff's Due Process claim because it asks this Court to intervene in ongoing state court proceedings in violation of the *Younger* abstention doctrine. *See Aiona v. Judiciary of State of Haw.*, 17 F.3d 1244, 1248 (9th Cir. 1994). Further, Judge Karrie McIntyre is immune from suit for all judicial acts unless taken "in the clear absence of all jurisdiction," which Plaintiff has not pled. *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978). Finally, Plaintiff alleges a Due Process violation based on Defendants' denial of "an opportunity to be heard," but Plaintiff also alleges that a hearing will be held on the alleged contempt, thus providing her that opportunity.

## CONCLUSION

Because Plaintiff has not shown any of the necessary elements, her Motion for a Temporary Restraining Order, ECF No. 2, is DENIED. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Additionally, the Court lacks jurisdiction to hear Plaintiff's claim, and "it is absolutely clear that no amendment can cure the defect[s]" identified herein, so Plaintiff's Complaint, ECF No. 1, is DISMISSED with prejudice. *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 854 (9th Cir. 1987). The Clerk of the Court is DIRECTED to refund the filing fee of $405.00 paid on August 11, 2025. ECF No. 1.

IT IS SO ORDERED.

DATED this  11th  day of August 2025.

                                              /s/Michael McShane
                                              Michael McShane
                                             United States District Judge